## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**HAKEEM WILSON**                                                                 **PETITIONER**

**V.**                                                          **NO. 4:20-CV-158-DMB-DAS**

**WASHINGTON COUNTY**                                                        **RESPONDENT**

## OPINION AND ORDER

Before the Court is pretrial detainee Hakeem Wilson's pro se petition for a writ of habeas corpus. For the reasons explained below, Washington County's motion to dismiss the petition will be granted, and the petition will be dismissed for failure to state a claim and for failure to exhaust.

## I
## Procedural History

On or about August 28, 2020, Hakeem Wilson filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241[1] in the United States District Court for the Northern District of Mississippi.[2] Doc. #1. Wilson challenges his pretrial detention in the Washington County Regional Correctional Facility following his March 19, 2018, arrest on one count of murder and three counts of attempted murder.[3] On or about November 3, 2020, Wilson, through letter, notified the Court that he remains in custody and that his case was still pending. Doc #8.

---

[1] Wilson incorrectly filed his petition on the form for habeas relief under 28 U.S.C. § 2254. *See* Doc. #1 at 1. Generally, a § 2254 petition challenges "the validity of a state conviction or sentence." *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015). Through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a state pretrial detainee may challenge the power and authority of a state to bring him to trial and the constitutionality or lawfulness of his present confinement. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Accordingly, the Court construes Wilson's petition for habeas relief as one brought pursuant to 28 U.S.C. § 2241.

[2] The same day, Wilson also filed a handwritten note indicating that he intends to submit to the Court a letter he had misplaced from a victim "proving" his innocence, as well as "petition papers with the signatures of fellow citizens of Washington County." Doc. #2.

[3] It appears that before his arrest, Wilson had been out on bond following an August 2017 arrest for a number of charged crimes, including first degree murder.

On November 17, 2020, Washington County filed a motion to dismiss Wilson's petition. Doc. #9. Wilson filed an opposition to the motion. Doc. #10. On July 8, 2021, Washington County filed a supplemental brief in which it notified the Court of a June 17, 2021,[4] three-count indictment against Wilson. Doc. #11 at 1–2. Specifically, Wilson was indicted on (1) one count of first degree murder with a firearm enhancement; (2) one count of attempted murder with a firearm enhancement; and (3) one count of possession of a firearm by a convicted felon.[5] *Id.*; Doc. #11-1.

## II
## 28 U.S.C. § 2241

A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws … of the United States." 28 U.S.C. § 2241(c)(3). A pretrial detainee who has not yet been tried for the offense in question has a right, albeit limited, to invoke federal habeas corpus relief under § 2241. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). The scope of the limitation turns upon the type of relief sought. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" does not arise under § 2241 absent "special circumstances" but "an attempt to force the state to go to trial" may, following exhaustion of state remedies. *Id.* at 1282–83.

"Special circumstances" are those on which a "federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened." *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018); *see Champer v. Florida*,

---

[4] Washington County indicates the date of indictment as June 17, 2021, but the indictment itself appears to have been filed and recorded on June 14, 2021. *See* Doc. #11-1.

[5] Wilson was set to be arraigned on the charges on July 6, 2021. Doc. #11-2 at PageID 77. The parties have not provided the Court with an update on the arraignment or any further state court proceedings since Washington County filed its supplemental brief.

No. 6:14-cv-1966, 2014 WL 7070079, at *2 (M.D. Fla. Dec. 15, 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971) for the proposition that "special circumstances" under § 2241 usually require a showing of "immediate and irreparable injury"). "Three sets of circumstances typically qualify as 'special': (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Vassar-El*, 2018 WL 4462544, at *2. "[S]pecial circumstances are not necessarily established by the alleged infallibility of the federal claim." *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974). Even if a petitioner is correct regarding the viability of his or her defenses in his state criminal action, special circumstances are not present where the "threat to the [petitioner's] federally protected rights can be eliminated by the defense of a single criminal prosecution" in state court because the state court is "surely capable of recognizing and vindicating [the petitioner's] position." *Id.*

### III
### Analysis

#### A. Grounds for Pretrial Dismissal

Wilson asserts three grounds for habeas relief: (1) "Dismissal grounds/Violation of Due Process," (2) "Unnecessary Delay," and (3) "Violation of my Constitution/Bill of Rights." Doc. #1 at 5–6, 8. In all three grounds, Wilson appears to seek pretrial release and dismissal of the charges pending against him.[6] Wilson argues dismissal is appropriate because he remains incarcerated following his arrest on March 19, 2018, without bond review or trial; he "was never questioned" before or after his arrest; and Washington County has submitted no evidence in

---

[6] His first ground, "Dismissal grounds/Violation of Due Process," clearly seeks pretrial dismissal. Doc. #1 at 5. His second and third grounds, respectively, "Unnecessary Delay" and "Violation of my Constitution/Bill of Rights," do not specifically state a remedy for the alleged violations. *Id.* at 5–6, 8. To the extent the second and third grounds seek pretrial dismissal, they are analyzed identically to the first ground.

support of his arrest on the charges at issue.[7]  *Id.* at 5.  Washington County's response does not address the merits of Wilson's claims.[8]  Instead, Washington County argues Wilson's petition fails to state a claim on which relief can be granted because Wilson does not allege special circumstances allowing pretrial federal intervention to address his constitutional defenses to the state proceeding.  Doc. #9 at 13.

The right to a speedy trial is not a per se "special circumstance."  *Dickerson*, 816 F.2d at 227.  To so hold "would eliminate the careful distinction drawn by the court in *Braden* and reiterated in cases like *Brown* … between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial."  *Id.*  As such, without more, any allegations relating to the lack of speedy trial as a constitutional defense do not qualify as a special circumstance necessitating this Court's pretrial intervention.

Here, Wilson does not allege any facts in his petition or related submissions which would support a finding of "special circumstances," such as bad faith prosecution, lack of adequate state forum, or irreparable injury.  *See, e.g.*, *Vassar-El*, 2018 WL 4462544, at *2.  Even if Wilson is correct regarding the viability of any of his constitutional defenses to the criminal action, such as his alleged arrest without questioning or the state's lack of evidence, special circumstances are not present here because the threat to his "federally protected rights can be eliminated by the defense of a single criminal prosecution" in state court.  *Tooten*, 493 F.2d at 177.  Therefore, all grounds

---

[7] Wilson also asserts as a ground for dismissal that he remains in custody but has not been indicted.  Doc. #1 at 5. Because Wilson was indicted on June 17, 2021, *see* Doc. #11-1, that ground is moot and will not be addressed.

[8] Washington County does not contest the length of time Wilson has been incarcerated without trial.  Doc. #9 at 9–10. It points out multiple times in its submissions that Wilson has been incarcerated since March 19, 2018, not only for the charges at issue in the petition but also on unrelated charges, including murder, attempted murder, aggravated assault, and felon in possession of a firearm, brought in December 2018, *see id.*at 2–3, and additional murder charges brought against him in 2020, *id.* at 4.  Washington County does not, however, supply any legal argument or authority which would render Wilson's concurrent incarceration relevant to his petition.  Wilson appears to concede that the "August 2017 arrest and resulting [2018] charges are not at issue in the instant petition."  Doc. #10 at PageID 66.

in his petition seeking pretrial dismissal of the charges are without merit and will be dismissed for failure to state a claim upon which relief can be granted.

## B. Exhaustion

Wilson does not directly seek to enforce the state's duty to bring him to trial. But because he proceeds here pro se, the Court liberally construes his second and third grounds ("Unnecessary Delay" and "Violation of my Constitution/Bill of Rights") to include such a request.[9] Doc. #1 at 6, 8. Washington County argues that to the extent his claims are construed as a demand to be brought to trial, those claims must be denied for failure to exhaust state remedies because Wilson has not alleged any circumstances allowing him to circumvent the exhaustion requirement.[10] Doc. #9 at 10.

Pretrial habeas relief is available under § 2241 to enforce the state's obligation to bring a defendant promptly to trial. *Dickerson,* 816 F.2d at 224. This type of relief is appropriate under § 2241 because it does not require an adjudication of the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Brown*, 530 F.2d at 1282–83. However, even where a cause of action under § 2241 may be proper, a petitioner must have exhausted all state remedies before seeking habeas relief. *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015). "Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated." *Martinez v. Anderson*, No. 4:08-cv-535, 2009 WL 812240, at *1 (N.D. Tex. Mar. 26, 2009) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993)).

---

[9] *See Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are to be liberally construed.") (internal quotation marks omitted).

[10] Because Wilson was indicted June 17, 2021, after his petition and his opposition to the motion to dismiss were filed, the portion of the petition arguing review is appropriate here due to a lack of indictment is now moot.

In his petition and submissions in support, Wilson does not discuss any attempt on his part to compel the state court to address the lack of trial in his case. *See* Docs. #1, #2, #10. Regarding the second ground, unnecessary delay, Wilson points to his lack of indictment at the time the petition was filed, and the almost two-month delay from the date of his arrest to the date of his preliminary hearing. Doc. #1 at 6. As mentioned above, Wilson has since been indicted, and he says nothing regarding any action he took (or may have taken) to pursue a trial post-indictment. Regarding the third ground, Wilson reiterates that he has been incarcerated for almost three years without trial as well as other constitutional defenses[11] but again does not mention any action taken in state court to advance trial. *Id.* at 8.

The Court notes that, as to the second and third grounds, Wilson did check the box marked "yes" on his petition in response to the question, "If you appealed from the judgment of conviction, did you raise this issue?" Doc. #1 at 7–8. However, since Wilson has not been convicted for his 2018 arrest, it is unclear what "appeal" Wilson references by selecting "yes."[12] Aside from the checked boxes, there is no other indication Wilson attempted to file anything with the state court to enforce the state's obligation to bring him to trial. Simply checking a box without explanation is not enough. The Court cannot guess or otherwise presume something has been filed which may meet the exhaustion requirements.

Based on the information in the record, the state court has not had the opportunity to consider or resolve this issue, as Wilson does not advance any argument or supply any evidence that he attempted to pursue any request to be brought to trial in the state court. To the extent his

---

[11] Along with reiterating that he has not been brought to trial, Wilson states that he was "never called in for questioning before being arrested nor questioned after being incarcerated all this time;" he "was arrested from a college campus without a warrant being presented;" and he "tested positive for Covid-19 while being locked up." Doc. #1 at 8.

[12] Because Wilson incorrectly used the form petition to seek habeas relief under § 2254, the form used includes check box questions relating to post-conviction relief inapplicable to Wilson at this stage of his state court proceedings.

petition is construed as a request to force the state to bring him to trial on the charges at issue, it must be dismissed without prejudice for failure to exhaust state remedies.

## IV
## Conclusion

Washington County's motion to dismiss [9] is **GRANTED**. Wilson's petition is **DISMISSED without prejudice**.[13] A final judgment will be issued.

**SO ORDERED**, this 30th day of September, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[13] While a court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant" who brings a § 2254 petition, such is not necessary for § 2241 petitions. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005); *see Montano v. Texas*, 867 F.3d 540, 547 n.8 (5th Cir. 2017) ("Because Montano is correctly proceeding under 28 U.S.C. § 2241, a certificate of appealability is not required.").